**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| JUSTIN NELSON | ) | |
| *on behalf of himself and* | ) | Case No. 2:26-cv-10481-MFL-KGA |
| *others similarly situated,* | ) | |
| | ) | District Judge Hon. Matthew F. |
| Plaintiff, | ) | Leitman |
| | ) | |
| v. | ) | Magistrate Judge Kimberly G. Altman |
| | ) | |
| OMAHASTEAKS.COM, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT OMAHASTEAKS.COM, LLC TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant OmahaSteaks.com, LLC ("Defendant") respectfully submits its Answer and Affirmative Defenses to the Complaint ("Complaint") of Plaintiff Justin Nelson ("Plaintiff") filed February 11, 2026, as ECF No. 1, and states as follows:

## ANSWER

1.     The allegations contained in paragraph 1 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the Telephone Consumer Protection Act ("TCPA").

2.     The allegations contained in paragraph 1 of the Complaint are ones to which no response is required.  To the extent a response is deemed necessary,

1

Defendant denies violating the Telephone Consumer Protection Act ("TCPA") and its promulgating regulations, including but not limited to 47 C.F.R. 64.1200(c).

## JURISDICTION AND VENUE

3.      Defendant admits only that this Court has federal question jurisdiction over claims asserted pursuant to the TCPA.  Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in paragraph 5 of the Complaint.

## PARTIES

6.      Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore denies the same.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

11. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint, and therefore denies the same.

13. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint, and therefore denies the same.

14. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint, and therefore denies the same.

16. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore denies the same.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. The allegations contained in paragraph 19 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies delivering or causing to be delivered the text messages provided, and otherwise denies violating the TCPA and its promulgating regulations.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.   Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.   Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.   Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.   Defendant denies the allegations contained in paragraph 26 of the Complaint.

## CLASS ACTION ALLEGATIONS

27.   In response to paragraph 27 of the Complaint, Defendant denies that the proposed class definitions by Plaintiff are appropriate.  Answering further, Defendant denies that this case is proper for class-based adjudication.

28.   The allegations contained in paragraph 28 of the Complaint are ones to which no response is required.  To the extent a response is deemed necessary, Defendant denies that this case is proper for class-based adjudication.

29.   Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.   Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint, including subparts (a)-(d).

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint.

## COUNT I
## Violation of 47 U.S.C. § 227(c)(5)

55.     Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 55 of the Complaint.

56.     The allegations contained in paragraph 56 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

57.     The allegations contained in paragraph 57 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

58.     The allegations contained in paragraph 58 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

59.     The allegations contained in paragraph 59 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

60.     The allegations contained in paragraph 60 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief for which he prays. Defendant prays that Plaintiff's Complaint be dismissed with prejudice, and the Court award Defendant the cost of this action and expenses, including reasonable attorney's fees.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred because the alleged telephone calls/text messages were not placed by Defendant, Defendant's agent, or any other entity for which Defendant may be vicariously liable under the TCPA.

3.      Plaintiff's Complaint is barred to the extent it purports to bring claims on behalf of any individuals other than Justin Nelson.  He is the only named Plaintiff and the Complaint fails to state a claim for class action certification under Fed. R. Civ. P. 23.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.      Plaintiff lacks standing to bring this action because he has not suffered an injury-in-fact as a result of any conduct by Defendant.

6.      Plaintiff failed to join necessary and/or indispensable parties.

7.      Plaintiff is not the real party in interest.

8.      The imposition of statutory damages against Defendant under the TCPA would violate the Due Process Provision of the United States Constitution.

9.      Plaintiff's claims are barred to the extent that he is not a called party within the meaning of the TCPA.

10

10.     Plaintiff's claims are barred because any telephone calls/text messages alleged to have violated the TCPA occurred with prior consent.

11.     Plaintiff has an established business relationship with Defendant.

12.     Defendant acted in good faith, and has established procedures, to avoid any violations of the law. Any violations of the law were the result of a bona fide error.

13.     Plaintiff's claims are barred to the extent that any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiff or the putative class members.

14.     Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, estoppel and equity.

15.     To the extent there was any violation of the TCPA, which Defendant denies, such violation was the result of conduct of a third-party with whom Defendant has no relationship or who acted outside the scope of any legal authority and/or agency.

16.     To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B) or 47 U.S.C. § 227(c)(5)(B).

11

17.     To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Defendant denies that it willfully or knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C) or 47 U.S.C. § 227(c)(5)(C).

18.     The statutory damages provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, in addition to violating the due process clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff and the putative class members.

19.     Claims of the putative classes are barred, in whole or part, by the applicable statute of limitations.

20.     The Court lacks jurisdiction over the claims of the putative class.

21.     The putative class should not be certified because the case would be unmanageable if the classes as defined by the Complaint were to be certified.

22.     The putative class should not be certified because common issues of law and fact do not exist as required by Fed. R. Civ. P. 23(a)(2).

23.     The putative class should not be certified because the claims of Plaintiff are not typical as required by Fed. R. Civ. P. 23(a)(3).

24.     The putative class should not be certified because Plaintiff is not an adequate class representative as required by Fed. R. Civ. P. 23(a)(4).

25.     The putative class should not be certified because common questions of law and fact do not predominate as required by Fed. R. Civ. P. 23(b)(3).

26.     The putative class should not be certified because individual questions of law and fact predominate over issues common to the putative classes.

27.     A class action should not be certified because it is not the superior method to adjudicate this controversy because the facts and circumstances of each putative class member differ.

28.     The putative class members lack standing to bring this action because they have not suffered an injury-in-fact as a result of any conduct by Defendant.

29.     A class action should not be certified because notice cannot be reasonably sent.

30.     A class action should not be certified because the class as defined is an improper fail-safe class requiring individual inquiry about whether each putative class member consented to receive telephone calls.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice, and award Defendant the costs of this action and expenses, including reasonable attorneys' fees.

**DATED**: April 13, 2026

Respectfully submitted:

*/s/ Lisa A. Messner*
Lisa A. Messner
Ohio Bar No. 74034
Admitted to E.D. Michigan October 10, 2019
Mac Murray & Shuster, LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
T: (614) 939-9955
F: (614) 939-9954
Email: lmessner@mslawgroup.com

David W. Warren
Michigan License #P32449
Admitted to E.D. Michigan June 11,1981
Joelson Rosenberg, PLC
30665 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
T: (248) 855-2233
F: (248) 855-2388
Email: dwarren@jrlawplc.com

*Attorneys for Defendant*
*OmahaSteaks.com, LLC*

14

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been filed electronically with the United States District Court for the Eastern District of Michigan on this 13th day of April, 2026. Notice of this filing will be sent by email to all counsel by operation of the Court's electronic filing system, and all counsel may access this filing through that system.

Respectfully submitted:

*/s/ Lisa A. Messner*
Lisa A. Messner
Ohio Bar No. 74034
Admitted to E.D. Michigan October 10, 2019

*Attorney for Defendant*
*OmahaSteaks.com, LLC*