## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JUSTIN NELSON<br>*on behalf of himself and*<br>*others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>OMAHASTEAKS.COM, LLC<br><br>Defendant.<br>_____ | ) Civil Action No.: 2:26-cv-10481<br>)<br>)<br>)        Class Action Complaint<br>)<br>)        Jury Trial Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### JOINT DISCOVERY PLAN

The Parties conducted their Rule 26(f) conference prior to submission of this Joint Discovery Plan. In accordance with Federal Rule of Civil Procedure 26(f) and the Court's April 13, 2026 Text-Only Order, counsel for the Parties submit the following discovery plan.

**Appearing for the Parties as Counsel will be**:

For the Plaintiff: Anthony Paronich of Paronich Law, P.C.

For the Defendant: Lisa A. Messner, Mac Murray & Shuster

### I.        Jurisdiction

Plaintiff asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff asserts that venue is proper under 28 U.S.C. §

1

1391 because a substantial part of the events giving rise to the claims occurred in this District, including the receipt of the text messages at issue.

Defendant does not contest subject matter jurisdiction for purposes of this Joint Discovery Plan.

## II.        Statement of the Case

*Plaintiff's Statement:* This is a putative nationwide class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5). Plaintiff alleges that Defendant Omahasteaks.com, LLC delivered, or caused to be delivered, multiple advertising and marketing text messages promoting Omaha Steaks products to Plaintiff's residential cellular telephone number despite the number having been registered on the National Do-Not-Call Registry for more than thirty days. Plaintiff alleges that his cellular telephone number has been registered on the National Do-Not-Call Registry since November 13, 2024. Plaintiff further alleges that Defendant sent multiple promotional text messages from short code 51803 advertising Omaha Steaks products and special offers. Plaintiff alleges that he did not provide Defendant with prior express invitation, permission, or consent to receive such telemarketing text messages. Plaintiff seeks certification of a nationwide class consisting of all persons who received more than one telemarketing call or text message from Defendant within a twelve-month period after their residential or cellular telephone numbers had been registered on the National Do-Not-Call Registry for at least thirty

days. Plaintiff seeks statutory damages, treble damages for willful or knowing violations, injunctive relief, and other relief authorized by the TCPA.

***Defendant's Statement:*** Defendant's position is that it only places messages to consumers who have properly consented to receive text messages, and that this case is not proper for class-based adjudication. Further, certain recent decisional law holds that text messages are not actionable under the TCPA and will assert the same arguments in this case.

**III.     Discovery Plan, Progress of Discovery, and Outstanding Discovery Disputes**

Discovery will be needed on the following subjects:

(1) Defendant's text messaging and telemarketing records concerning Plaintiff and the putative class;

(2) identification of class members;

(3) Defendant's policies and procedures regarding compliance with the TCPA and National Do-Not-Call Registry requirements;

(4) Defendant's consent, opt-in, and customer database records;

(5) Defendant's relationships with any text messaging vendors, aggregators, marketing agencies, platform providers, or other third parties involved in the transmission of the subject text messages;

(6) Defendant's affirmative defenses;

(7) Defendant's knowledge, willfulness, or negligence concerning TCPA compliance;

(8) Defendant's document retention policies; and

3

(9) identification of witnesses with knowledge relevant to the claims and defenses in this action.

The parties do not presently anticipate any discovery disputes.

***Defendant's Position:***

Given Defendant's view of the case, Defendant reserves the right to challenge class-based discovery and seek a bifurcation of class discovery.  Further, Defendant will seek discovery from Plaintiff related to consent to be contacted and any prior business relationship with which Plaintiff may have had with Defendant.

**IV.      Insurance Available to Satisfy Part or All of a Judgment, Including Indemnification Agreements**

Defendant states that it does not possess insurance applicable to the claims asserted herein.

Plaintiffs reserve the right to seek discovery on this issue.

**V.      Relationship with Other Cases:**

The Parties are not aware of any other pending cases that are directly related to this action.

**VI.      Amendments to Pleadings**

The Parties propose a deadline of September 15, 2026 for motions to amend the pleadings or add parties.

**VII.      Prospects of Settlement**

The Parties have conducted a mediation and have a second session set for July.

## VIII.    Issues Resolved by Motion

Defendant has filed a motion to dismiss that is currently pending subject to additional briefing by the parties. Plaintiffs anticipate filing a motion for class certification following discovery. The Parties anticipate potential dispositive and/or class certification motions following the close of discovery.

## IX.        Estimated Trial Length

If this matter is certified as a Class Action, it is believed that the trial will take four (4) days. If it is not, then one (1) to two (2) days.

**X.**        **Schedule**: The parties submit the following proposed schedule of events:

| EVENT | DEADLINE |
|---|---|
| Deadline for Amendments to Pleadings and Joinder of Parties | September 15, 2026 |
| Fact Discovery Ends | January 15, 2027 |
| Deadline for Expert Depositions | February 1, 2027 |
| Rebuttal Expert Reports | March 3, 2027 |
| All Discovery Ends | April 30, 2027 |
| Deadline for submission of Plaintiff's motion for class certification | May 28, 2027 |
| Rule 16 Conference to Discuss Remaining Case Schedule | Set at the Court's discretion following a decision on class certification |

The Parties would then request a Rule 16 Conference to discuss the remaining schedule and dates needed prior to trial, the specifics of which will depend on whether the matter is certified as a Class Action.

Date: June 10, 2026

<div style="margin-left:40%">

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the Proposed Class*


*s/ Lisa A. Messner*
Lisa A. Messner (Ohio # 0074034)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Tel: (614) 939-9955
Fax: (614) 939-9954
lmessner@mslawgroup.com

*Attorney for Defendant*

</div>