UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN NELSON,

    Plaintiff,                               Case No. 24-cv-10481
                                               Hon. Matthew F. Leitman

v.

OMAHASTEAKS.COM, LLC,

    Defendant.

_____/

## CASE MANAGEMENT REQUIREMENTS AND SCHEDULING ORDER

This civil case having come before the Court pursuant to Fed. R. Civ. P. 16 and the

parties having submitted a proposed discovery plan(s), the Court enters the following

schedule to manage the progress of the case:

| EVENT | DEADLINE |
|---|---|
| Amendment of Pleadings and Rule 26(a)(1) Disclosures | July 10, 2026 |
| Fact Discovery Cutoff | December 10, 2026 |
| Rule 26(a)(2) Proponent Expert Disclosures | January 11, 2027 |
| Rule 26(a)(2) Rebuttal Expert Disclosures | February 11, 2027 |
| Expert Discovery Cutoff | March 11, 2027 |
| Dispositive Motions and Challenges to Experts | April 12, 2027 |
| Rule 26(a)(3) Pretrial Disclosures | June 25, 2027 |
| Motions *in Limine* | July 23, 2027<br>Response briefs due 10 days after filing, but not later than August 2, 2027.  Reply briefs due 5 days after responses are filed, but not later than August 9, 2027. |
| Final Pretrial Order | August 10, 2027 |
| Final Pretrial Conference | August 24, 2027, at 1:30 p.m. |
| Trial Date | September 7, 2027, at 9:00 a.m. |
| Estimated Length of Trial | 2-4 days |
| **JURY TRIAL** | |

1

## CASE MANAGEMENT REQUIREMENTS

1.   **LOCAL COUNSEL**: An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district. Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f). All inquiries regarding admission to this district should be directed to the Clerk's office at (313) 234- 5005.

2.   **DISCOVERY CUTOFF:** Discovery must be served sufficiently **in advance** of the discovery cutoff so as to allow the opposing party sufficient time **to respond** under the Federal Rules of Civil Procedure prior to the close of discovery.  The Court will not order discovery to take place after the cutoff date.

3.   **EXTENSIONS OF TIME**: Parties may agree to extend the discovery cutoff deadline by filing a stipulation and order with the Court provided the extension of time does not affect the motion cutoffs, final pretrial conference, or trial dates. Extensions or adjournments of dates other than the discovery cutoff will be considered upon the filing of a motion or stipulation setting forth in detail the factual basis for the request.

4.   **BRIEFING GUIDELINES AND REQUIREMENTS**: The Court does not ordinarily set a briefing schedule for motions except for motions *in limine* as described in this Scheduling Order.  Unless specifically addressed in the Court's Notice of Hearing, the time limits prescribed in Local Rule 7.1(e) apply for filing responses

2

and replies to motions.  Sur-replies are generally not permitted.  Requests for extensions of time may be made by filing a concise stipulation and order explaining the specific reasons why such an extension is necessary.  Such a stipulation and order must be filed at least one week before a brief is due.

All briefs shall strictly comply with Local Rules 5.1 and 7.1.  The Court does not routinely grant requests to file longer briefs.  Requests to file an oversized brief may be made by filing a concise stipulation and order or ex parte motion explaining the specific reasons why such an extension is necessary.  Such a stipulation and order or ex parte motion must be filed <u>at least one week before</u> a brief is due.

All briefs must contain a table of contents, a table of authorities, and an index. Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well-chosen cases, preferably recent and from controlling courts.  References in briefs to an argument or statement made by an opposing party must include a specific citation to the docket and page numbers of the matter referenced.

5. **COURTESY COPIES:**  A courtesy copy of all motions and briefs including exhibits must be sent to the chambers via First-Class Mail the same day the document is e-filed, or hand-delivered not later than the next business day after the document is e-filed.  The courtesy copy should consist of the actual e-filed document and contain the electronic file stamp on the top of each page.  The courtesy copy **<u>must</u>**

be bound on the left side in a book-style manner.  The Court will not accept documents loosely secured with a rubber band or binder clip.  Exhibits must be labeled and may be printed double sided.  Relevant portions of exhibits must be highlighted.

Along with the courtesy copy, the filing party must include copies of the main cases and other authority that support its legal position(s).  The filing party must highlight the relevant portion(s) of these authorities.  Counsel are encouraged, but not required, to include these authorities in a separate binder with a table of contents.

6.      **NOTICE TO COURT OF RESOLUTION OF MOTION:**  If the parties have resolved an issue that is the subject of a pending motion, the parties must notify chambers in writing by the next business day.  The parties may either e-mail the Court's Case Manager or send a fax to chambers indicating that the issue has been resolved and that the parties no longer wish to move forward with the motion.

7.      **CASE EVALUATION/FACILITATION**: Parties may stipulate to case evaluation or mediation, or request a settlement conference with the Court at any time. In all cases, a brief status conference will be conducted shortly after the close of discovery to discuss settlement options.

8.      **MOTIONS *IN LIMINE* AND CHALLENGES TO EXPERTS**: Motions *in* limine are to be filed by the date set forth in this Scheduling Order. Response briefs to motions *in limine* are due ten (10) days after the motion is filed and reply briefs are due five (5) days after the filing of a response brief. Such motions are not to recast issues previously presented in summary judgment or discovery motions.

Rather, motions *in limine* serve the limited purpose of alerting the Court to significant evidentiary issues that should be addressed prior to trial.  Unless the Court orders otherwise, the Court will hear and decide motions *in limine* at the Final Pretrial Conference.

Challenges to expert witnesses under FRE 702, 703, or 705 are due no later than the summary judgment deadline.

9. **JURY INSTRUCTIONS**: The parties are to meet and confer prior to trial to prepare final jury instructions.  The parties should make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement on a single stipulated set of final instructions.   The parties are advised to consult Federal Jury Practice and Instructions (available on Westlaw in the FED-JI database) or Modern Federal Jury Instructions (available on Lexis in the MOFEJI database), and, to the extent that Michigan law governs, the Michigan Civil Jury Instructions.

Stipulated final jury instructions (as well as any instructions that are in dispute) are to be submitted to the Court in the Joint Bench Book in the manner described below **at least one (1) week before the Final Pretrial Conference**.  At this same time, the parties shall e-file a copy of their stipulated jury instructions on the court's public docket.  In addition, counsel should send copies to the Court's Case Manager via electronic mail (Holly_Ryan@mied.uscourts.gov) in Microsoft Word format.

10. **JOINT FINAL PRETRIAL CONFERENCE, JOINT FINAL PRETRIAL ORDER, JOINT BENCH BOOK, AND EXHIBIT BINDERS:** Counsel should follow the guidelines below related to the Final Pretrial Conference, Joint Final Pretrial Order, Joint Bench Book, and Exhibit Binders:

a. Trial counsel and all parties who are (i) natural persons; (ii) a representative with full and final settlement authority on behalf of each party that is not a natural person; (iii) a representative with full and final settlement authority on behalf of each insurance carrier that has undertaken the prosecution or defense of the case and/or has contractually reserved to itself the right to settle the action; and/or (iv) a representative authorized to act on behalf of each party that is a governmental entity must be present at the Joint Final Pretrial Conference and have settlement authority.

b. The parties are to strictly adhere to Local Rule 16.2 in preparing a Joint Final Pretrial Order ("Joint Order"), except as this Court may otherwise provide. Briefly, Local Rule 16.2 requires that the Joint Order contain the following information: (1) jurisdiction, (2) plaintiff's claims, (3) defendant's claims, (4) stipulation of facts, (5) issues of fact to be litigated, (6) issues of law to be litigated, (7) evidentiary problems likely to arise at trial, (8) a witness list, (9) an exhibit list and any objections, (10) an itemization of damages, (11) type of trial (e.g., jury) and its estimated length, and (12) details regarding the most recent settlement effort. The parties are directed to Local Rule 16.2 for further details. The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF no later than two (2) weeks before the date of the Final Pretrial Conference.

c. Counsel are also to submit a Joint Bench Book and a courtesy copy of exhibit binders **one (1) week prior to the Final Pretrial Conference**. The parties should work together to complete the Joint Bench Book and it should include the following separately identified sections:

1.  **Administrative Section**

    a.    Identify the parties, representatives, and attorneys, including firm names;

    b.    Estimate the length of trial in half-day blocks; and

    c.    Give a brief description of any miscellaneous matters of which the Court should be aware, e.g., accommodations for disabled witnesses.

2.  **Theory of the Case**

    a.    Prepare a brief joint theory of the case to be used to advise the jury of the nature of the action.  The Court will read this theory to the jury before voir dire.

3.  ***Voir Dire***

    a.    List of inquiries specific to the cause(s) of action that each party would like the Court to make.  As described more fully below, the Court will often permit parties to conduct limited voir dire following the Court's questioning of potential jurors.

4.  **Witness List**

    a.    List witnesses reasonably expected to be called for each party, specifically identifying experts, including the anticipated length of direct and cross-examination of each witness.  Addition of witnesses after the Final Pretrial Conference can only be done by stipulation or by motion upon the showing of good cause.

5.  **Final Jury Instructions**

    a.    A complete, single set of the proposed final jury instructions and verdict form on which the parties have reached agreement; and

b.   Any proposed instructions on which there is a disagreement.  For each such instruction, the party proposing the instruction should include the instruction and the authority supporting the instruction.  The party opposing the instruction should include (1) an alternate instruction and/or (2) a concise statement explaining its objection to the proposed instruction, and the authority upon which it relies.

6.   **Evidentiary/Legal Issues**

a.   Submit a statement of anticipated legal/evidentiary issues on which you believe the Court will need to rule during the course of trial.

7.   **Trial Briefs**

a.   Each party should include a copy of its trial brief.

8.   **Proposed Findings of Fact and Conclusions of Law**

a.   In non-jury trials, each party should separately include its proposed findings of fact and conclusions of law.

d.   In addition to the Joint Bench Book counsel are to prepare and submit to the Court at the Final Pretrial Conference a copy of separate exhibit binder(s) for each party.  The exhibit binder(s) shall include:

1.   A table of proposed exhibits, indicating which are stipulated exhibits and which exhibits the parties are lodging objections; and

2.   Each exhibit included under a separate, identified tab.  If the exhibits are voluminous (more than two large 4-inch binders), they should be submitted on disc.  However, one physical copy must be present for the jury.

11.     **VOIR DIRE AND CASE DESCRIPTION:** It is the Court's practice to conduct initial *voir dire*. The Court will allow additional *voir dire* by counsel on a limited basis and may permit such *voir dire* to be conducted by counsel. In such instances, counsel must confine themselves to true *voir dire* and not engage in posturing or argument. While the Court has standard *voir dire* questions, counsel may submit a list of no more than fifteen (15) other inquiries specific to the cause(s) of action that they want the Court to include. Counsel shall also prepare a brief two-to-three paragraph joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of *voir dire*. This statement should simply describe the nature of the claims and defenses in a general fashion and should not be argumentative. The *voir dire* materials and case statement should be submitted in the Joint Bench Book presented to the Court one week before the Final Pretrial Conference. They are also to be submitted to the Case Manager via e-mail (Holly_Ryan@mied.uscourts.gov) in Microsoft Word format.

12.     **EXHIBITS:**

   a.     Counsel are required to mark all proposed exhibits in advance of trial. The preferred method is to use the traditional "Plaintiff's Exhibit" and "Defendant's Exhibit" in sequential order, but any clearly marked method is acceptable (e.g., numbers and letters). The parties are required to exchange marked exhibits three (3) days prior to the start of trial.

   b.     Counsel are required to keep track of all admitted exhibits during trial. Counsel must confer and maintain one set of admitted exhibits which should be ready to be turned over to the jury prior to the closing jury instructions.

c.     On the first day of trial, the parties are to provide the Court with a set of the marked exhibits. They are to be placed in a three-ring binder with the exhibit number displayed prominently on the tab corresponding to the exhibit. The binder should include an index which adheres to the following format:

| Exhibit # | Description | Received |
|-----------|-------------|----------|

An "S" is to be placed in the column labeled "Received" for all stipulated exhibits.

d.     The provisions of Federal Rule of Civil Procedure 37(c)(1) will apply for failure to list an exhibit.

13.     **CIVILITY:** The Court expects compliance with this District's Civility Principles. Conduct inconsistent with the letter, and spirit, of those principles will not be tolerated. Counsel will treat all litigation participants, and each other, with professionalism, courtesy, and respect at all times. This includes what is written as well as what is said.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

10